| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Varand Gourjian, Esq. (SBN 205344)<br>GOURJIAN LAW GROUP, PC<br>101 N. Brand Blvd., Suite 1220<br>Glendale, CA 91203<br>Telephone: (818) 956-0100<br>Facsimile: (818) 956-0123<br>Email: varand@gourjianlaw.com | |

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Wesley H. Avery, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>OH HYUNG KIM | CASE NO.: 2:18-bk-10687-ER<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) Wesley H. Avery, Chapter 7 Trustee ,
    filed a motion or application (Motion) entitled Chapter 7 Trustee's Motion to Set Aside Dismissal of Case;
    Declaration of Wesley H. Avery in Support Thereof .

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

    ☒ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 03/22/2018

/s/ Varand Gourjian /s/
Signature of Movant or attorney for Movant

Varand Gourjian, Esq.
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                   Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Varand Gourjian (SBN 205344)
**GOURJIAN LAW GROUP, P.C.**
101 North Brand Boulevard, Suite 1220
Glendale, CA 91203
Telephone No. (818) 956-0100
Facsimile No. (818) 956-0123
varand@gourjianlaw.com

(Proposed) Attorney for Wesley H. Avery, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>OH HYUNG KIM,<br><br>      Debtor. | Case No. 2:18-bk-10687-ER<br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO SET ASIDE DISMISSAL OF CASE; DECLARATION OF WESLEY H. AVERY IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS, THE DEBTOR, DEBTOR'S COUNSEL, AND OTHER PARTIES IN INTEREST:**

Wesley H. Avery, the duly appointed and acting chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor, Oh Hyung Kim, an individual (the "Debtor"), in Case No. 2:18-bk-10687-ER (the "Bankruptcy Case"), hereby brings this Motion to Set Aside Dismissal of Case (the "Motion"). In support thereof, the Trustee respectfully submits the following:

## I.    STATEMENT OF FACTS

The Debtor filed a voluntary Chapter 7 petition on January 22, 2018 *pro se*, and Wesley H. Avery was appointed as the Chapter 7 Trustee. The Debtor failed to file the required schedules and

1

1  statements by the Court's deadline of February 5, 2018. As such, on February 9, 2018, an order was

2  entered dismissing the case for "Failure to File Schedules, Statements, and/or Plan." See <u>Exhibit A</u>.

3  However, based on the Trustee's investigation of the Debtor's case, it appears the Debtor

4  transferred a partial interest in the real property listed on the Petition, 818 E. Acacia Avenue, Unit C,

5  Glendale, CA 91205 (the "Property"), to two entities, Town Bancorp and Hancock Corporation, via

6  a grant deed recorded with the Los Angeles County Recorder's Office on September 6, 2011. See

7  <u>Exhibit B</u>. Upon further analysis of each of these entities, it appears that they are fraudulent or "shell"

8  entities created solely for the purpose of abusing and exploiting the bankruptcy system. Each entity

9  is associated with a number of other bankruptcy cases and hold interests in subject real estate

10 properties in those bankruptcies. See <u>Exhibit C</u> for query results for each entity.

11 The Trustee believes the Property, if recovered and administered, would serve to benefit the

12 creditors of the Estate. For these reasons, the Trustee respectfully requests that this Court grant the

13 Motion and vacate the dismissal of the Bankruptcy Case so that the Trustee may continue further

14 analyzing the entities and the transfer and proceed with the administration of the Property.

15

16 ## II.    LEGAL STANDARDS & DISCUSSION

17 ### a.    The Trustee's Motion Meets the Legal Standards Required Under Fed. R. Civ. P.

18 ### 60(b).

19 #### i.    Grounds for Relieving Party from Final Order.

20 Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party…from a

21 final judgment, order, or proceeding" for several reasons, which, in pertinent part, include: (i)

22 mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with

23 reasonable diligence, could not have been discovered in time to move for a new trial under Rule

24 59(b); or (iii) any other reason that justifies relief. Rule 9024 of the Federal Rules of Bankruptcy

25 Procedure incorporates Federal Rule of Civil Procedure 60(b) to cases under the Bankruptcy Code.

26 According to the Ninth Circuit Court of Appeal, Rule 60 "is to be liberally construed to

27 effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722

28

1   F.2d 456, 459 (9th Cir. 1983) (internal citations omitted). Here, any of these grounds to relieve a

2   party from an order may apply. For relief under Rule 60(b)(1), which is based upon "mistake,

3   inadvertence, surprise, or excusable neglect," the Court applies a four-factor test to determine

4   whether a party's omission is excusable: (1) the danger of prejudice to the opposing party; (2) the

5   length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

6   whether the movant acted in good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>,

7   507 U.S. 380, 395 (1993); <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379, 381 (9th Cir. 1997).

8        First, if the Court were to grant this Motion, there is no risk of unfair prejudice to the Debtor,

9   or any other interested parties. The Bankruptcy Case was voluntarily filed by the Debtor and the

10   dismissal order was a result of the Debtor's failure to file additional required documents.

11   Furthermore, if the dismissal is *not* vacated, the creditors of the Estate would be unfairly prejudiced.

12   Next, the length of delay and impact on judicial proceedings between the order of the dismissal and

13   the vacation of the dismissal is minimal. The Motion was filed less than two months after the entry

14   of the dismissal order. Third, the reasons for delay are clear—the case would not have been

15   dismissed had it not been for the Debtor's failure to file his schedules by the Court's deadline. It is

16   only a result of the Debtor's own delays that the dismissal order was entered, compelling the Trustee

17   to file this Motion. Lastly, the Trustee is clearly acting out of good faith. In fact, the Trustee's filing

18   of this instant Motion only illustrates the Trustee's continual efforts to act in good faith and to uphold

19   his duties as a fiduciary of the Estate. All of these factors, when comprehensively analyzed against

20   the facts of this Bankruptcy Case, heavily weigh in favor of granting this Motion.

21        This Motion may also be granted under Rule 60(b)(2) on the basis of "newly discovered

22   evidence that, with reasonable diligence, could not have been discovered in time to move or a new

23   trial under Rule 59(b)." Trial was never set in this Bankruptcy Case, so any information that the

24   Trustee newly discovered could serve as a basis for granting the Motion. Here, the Trustee's

25   investigation of the Property shows that there was a potentially fraudulent transfer. As such, the

26   Motion may also be granted under Rule 60(b)(2).

27

28

1    Finally, Federal Rule of Civil Procedure 60(b)(6) permits a Court to vacate a judgment for

2    "any other reason that justifies relief." In this instance, the Property is a potential asset that can

3    benefit the creditors of the Estate. The Trustee is seeking an order setting aside the dismissal to

4    allow him to investigate, pursue, and administer the Property for the creditors' benefit. This is yet

5    another reason that justifies the relief the Trustee is seeking by this Motion.

6              **ii.   Bringing the Motion Within a Reasonable Time.**

7    Rule 60(c) of the Federal Rules of Civil Procedure requires that a motion brought under Rule

8    60(b) "be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after

9    the entry of the judgment or order or the date of the proceeding." This Motion is timely because it

10   was brought within a reasonable time. The order for dismissal was entered on February 9, 2018 and

11   the Motion was filed less than two months thereafter. As it pertains to Rule 60(b)(1) and (2), the

12   Motion was certainly brought within less than a year after the dismissal order was entered.

13        **b.   The Trustee Has Followed the Procedural Guidelines for Requesting the**

14             **Dismissal to be Vacated as Set Forth in Loc. Bankr. R. 1017-2(c)(1) and 9013-1.**

15   Pursuant to Local Bankruptcy Rule 1017-2(c)(1), a motion to vacate dismissal "may be ruled

16   on without further notice or hearing pursuant to LBR 9013-1(q)."  Local Bankruptcy Rule 9013-

17   1(q), and specifically, subjection (4), lists a "Debtor's Motion to Vacate an Order Dismissing a

18   Bankruptcy Case, when dismissal was due to failure to file a required document" as a motion that

19   may be determined without additional notice and without hearing "because the parties requiring

20   notice already receive notice via an NEF."

21   Although these rules appear to apply to Motions to Vacate Dismissals filed by debtors, the

22   Court may have the discretion to apply them to this Motion as well. This is especially true in light

23   of the fact that the Trustee is a fiduciary of the Estate and the vacation of a dismissal in this case

24   may serve to benefit the Estate's creditors. As such, the Trustee respectfully asks that this Court

25   vacate the order dismissing the Bankruptcy Case.

26   //

27   //

28

4

### III.     <u>CONCLUSION</u>

For the foregoing reasons, the Trustee asks that (i) the Motion be granted in its entirety, (ii) the dismissal of the Bankruptcy Case be vacated to allow for additional investigation and analysis of the Property and its transfers, and (iii) grant such other and further relief as the Court deems just and proper.

Date: March 22, 2018

_____
Varand Gourjian, Esq.
(Proposed) Attorney for Wesley H. Avery
Chapter 7 Trustee

5

## DECLARATION OF WESLEY H. AVERY

I, Wesley H. Avery, hereby declare as follows:

1.      I am an attorney duly licensed under the laws of the State of California. I am an individual above the age of 18 years of age. I am a member of the Panel of Bankruptcy Trustees in the Central District of California. All facts stated herein are known by me to be true through my own personal knowledge and I would and could competently testify thereto in a court of law if called upon to do so.

2.      I was appointed Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of Oh Hyung Kim (the "Estate"), the Debtor herein (the "Debtor").

3.      The Debtor filed a voluntary Chapter 7 petition on January 22, 2018 *pro se*, and I was appointed as the Chapter 7 Trustee.

4.      The Debtor failed to file the required schedules and statements by the Court's deadline of February 5, 2018. On February 9, 2018, an order was entered dismissing the case for "Failure to File Schedules, Statements, and/or Plan." See Exhibit A.

5.      Based on my investigation of the Debtor's case, it appears the Debtor transferred a partial interest in the real property listed on the Petition, 818 E. Acacia Avenue, Unit C, Glendale, CA 91205 (the "Property"), to two entities, Town Bancorp and Hancock Corporation, via a grant deed recorded with the Los Angeles County Recorder's Office on September 6, 2011. See Exhibit B.

6.      Upon further analysis of each of these entities, it appears that they are fraudulent or "shell" entities solely created for the purpose of abusing and exploiting the bankruptcy system. Each entity is associated with a number of other bankruptcy cases and holds interest in subject real estate properties in those bankruptcies. See Exhibit C for query results for each entity.

7.      I believe the Property, if recovered and administered, would serve to benefit the creditors of the Estate. For these reasons, I respectfully requests that this Court grant the Motion and vacate the dismissal of the Bankruptcy Case so that we may continue to further analyze the entities and the transfer and proceed with the administration of the Property.

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3        Executed this___ day of March, 2018, at Los Angeles, California.

4

5

6

7        Wesley H. Avery, Chapter 7 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# Exhibit A

Form odspb–odspab/autodismi
Rev. 06/2017

# United States Bankruptcy Court
## Central District of California

**255 East Temple Street, Los Angeles, CA 90012**

# ORDER AND NOTICE OF DISMISSAL FOR
# FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**
Oh Hyung Kim

**BANKRUPTCY NO.** 2:18–bk–10687–ER

**CHAPTER** 7

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–3313
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 2/9/18

**Address:**
818 E Acacia Avenue Unit C
Glendale, CA 91205

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under FRBP 1007 or 3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents has been timely filed in accordance with FRBP 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1) The case is dismissed.

2) The automatic stay is vacated.

3) Any discharge entered in this case is vacated.

4) The Court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: February 9, 2018

By the Court,

**Kathleen J. Campbell**
Clerk of Court

# Exhibit B



**This page is part of your document - DO NOT DISCARD**



## 20111202965



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**09/06/11 AT 10:18AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



**L E A D S H E E T**



201109060620011

00004634994



003493088

**SEQ:**
**03**

**DAR - Counter (Hard Copy)**

 

**THIS FORM IS NOT TO BE DUPLICATED**

*E400503*

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

09/06/2011

*20111202965*

RECORDING REQUESTED BY:
AND WHEN RECORDED MAIL TO:

TOWN BANCORP
137 N LARCHMONT BLVD #607
LOS ANGELES, CA 90004

THIS SPACE FOR RECORDER'S USE ONLY:

A.P.# 5676-004-042

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $ NONE and is

[X] computed on full value of property conveyed, or

[ ] computed on full value less value of liens or encumbrances remaining at time of sale,

[ ] unincorporated area; [ ] City of Glendale   , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**OH HYUNG KIM. A MARRIED MAN AS HIS SOLE & SEPARATE PROPERTY**

hereby GRANT(s) to

**OH HYUNG KIM; TOWN BANCORP; HANCOCK CORPORATION**

the following described property in the City of Glendale County of Los Angeles       , State of California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A AND MADE A PART HEREOF EXHIBIT "A"

**This is a bona fide gift and the grantor received nothing in return, R&T 11911**

DATE     8/25/2011
STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On ___2nd September, 2011___
before me, ___UN SOHN___
a Notary Public in and for said State, personally appeared
___OH HYONG KIM___

OH HYUNG KIM

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

Name (Typed or Printed)

UN SOHN
Commission # 1854851
Notary Public - California
Los Angeles County
My Comm. Expires Jul 17, 2013

(This area for official notarial seal)

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

04 2900011   3

9

# EXHIBIT "A"

**Loan #:**   0680454089

THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE CITY OF
GLENDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED
AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

THAT PORTION OF LOT 1 OF TRACT NO. 32143, IN THE CITY OF GLENDALE,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED
IN BOOK 851, PAGE(S) 91 AND 92 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, SHOWN AND DEFINED AS UNIT NO. 18 OF THE
CONDOMINIUM PLAN RECORDED FEBRUARY 25, 1975 AS INSTRUMENT NO.
2764 OF OFFICIAL RECORDS OF SAID COUNTY.

PARCEL 2:

AN UNDIVIDED 1/41ST INTEREST IN AND TO THAT PORTION OF LOT 1 OF
SAID TRACT NO. 32143, SHOWN AND DEFINED AS "COMMON AREA" ON SAID
CONDOMINIUM PLAN.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

# Exhibit C

# Select a Case

There were 9 matching persons.

There were 9 matching cases.

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|-----------|------------------------|-----------|-----------|------------|
| TOWN BANCORP FUNDING (pty) (1 case) | 2:06-ap-01862-VK | TIMOTHY J. YOO v. H.O.D. PROPERTIES LLC et al | *Lead BK:* 2:05-bk-50147-VK Jai Hak Sim and Joanne Sim | 08/10/06 | Counter-Defendant | 04/01/09 |
| Town Bancorp (pty) (1 case) | 2:11-bk-52937-EC | Esther Bak | 7 | 10/14/11 | Debtor | 02/10/12 |
| Town Bancorp (pty) (1 case) | 2:12-bk-11919-TD | Kwang Jae Lee | 7 | 01/19/12 | Debtor | 03/29/12 |
| Town Bancorp (pty) (1 case) | 2:11-bk-35644-EC | Town Bancorp | 7 | 06/14/11 | Debtor | 11/29/11 |
| Town Bancorp (pty) (1 case) | 2:12-bk-17636-RN | Don Ho Kim | 7 | 03/02/12 | Debtor | 06/19/12 |
| Town Bancorp (pty) (1 case) | 1:11-bk-19239-MT | Kil Won Seo | 7 | 08/02/11 | Debtor | 10/31/12 |
| Town Bancorp Funding (pty) (1 case) | 2:10-bk-50149-BR | Boss Tec America | 7 | 09/21/10 | Petitioning Creditor | 03/08/11 |
| Town Bancorp Funding Corp (pty) (1 case) | 2:05-ap-01274-AA | Shin v. Town Bancorp Funding Corp | *Lead BK:* 2:04-bk-18354-AA Dong Il Shin | 03/15/05 | Defendant | 03/30/11 |
| Town Bancorp Funding Corp (pty) (1 case) | 2:06-ap-01031-SB | Menchaca v. Calimac Asset Management | *Lead BK:* 2:05-bk-25278-SB Kim I Chung | 01/06/06 | Defendant | 12/20/06 |

**PACER Service Center**

**Transaction Receipt**

# Select a Case

**There were 3 matching persons.**

**There were 3 matching cases.**

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|-----------|----------------------|-----------|-----------|------------|
| Hancock Corporation (pty) (1 case) | 2:11-bk-41105-RN | Joo Young Bong | 7 | 07/21/11 | Debtor | 10/27/11 |
| Hancock Corporation (pty) (1 case) | 2:11-bk-54640-BB | Seung In Kim | 7 | 10/27/11 | Debtor | 04/19/12 |
| Hancock Corporation (pty) (1 case) | 2:12-bk-12902-RK | Sook Yang Ha | 7 | 01/27/12 | Debtor | 09/20/12 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/21/2018 15:47:50 | | | |
| **PACER Login:** | GLG91203:3494443:0 | **Client Code:** | kim |
| **Description:** | Search | **Search Criteria:** | LName: hancock corporation |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

101 N. Brand Blvd., Suite 1220, Glendale, CA 91203

A true and correct copy of the foregoing document entitled (*specify*):  CHAPTER 7 TRUSTEE'S MOTION TO SET
ASIDE DISMISSAL OF CASE; DECLARATION OF WESLEY H. AVERY IN SUPPORT THEREOF; NOTICE OF
OPPORTUNITY TO REQUEST A HEARING ON MOTION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
03/22/2018            , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
   Wesley H Avery (TR)    wes@averytrustee.com,
   C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
   Edward A Treder    cdcaecf@bdfgroup.com
   United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  03/22/2018            , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.
   Oh Hyung Kim
   818 E Acacia Avenue Unit C
   Glendale, CA 91205

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  03/22/2018            , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
   The Honorable Ernest M. Robles
   Untied States Bankruptcy Court - Central District of CA
   255 E. Temple St., Suite 1560
   Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/22/2018 | Pateel Tavidian | | /s/ Pateel Tavidian |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:18-bk-10687-ER
Central District of California
Los Angeles
Thu Mar 22 08:56:45 PDT 2018

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Citi Mortgage, Inc.
1000 Technology, Inc Drive
O,Fallon , MO 63368-2240

JP MORGAN CHASE BANK, N.A
PO BOX 183222
Columbus, OH 43218-3222

NATIONSTAR MORTGAGE, LLC
8950 Cypress Waters Blvd
Coppell, TX 75019-4620

US BANK, NATIONNAL ASSOCTTION
NATIONSTAR
8950 Cypress Waters BL
Coppell, TX 75019-4620

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Oh Hyung Kim
818 E Acacia Avenue Unit C
Glendale, CA 91205-3035

Wesley H Avery (TR)
758 E. Colorado Blvd., Suite 210
Pasadena, CA 91101-5407

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients        8
Bypassed recipients        1
Total                      9